UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERICK OWUSU,

        Plaintiff,

  v.

BANK OF AMERICA, N.A., *et al.*,

        Defendants.

Case No. C15-1812-MJP-JPD

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Derick Owusu is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. Plaintiff asserts in this action violations of his federal constitutional rights arising out of his arrest in 2013 for allegedly depositing two forged checks at a Bank of America Branch in Bellevue, Washington. Specifically, plaintiff asserts claims of false arrest, false imprisonment, malicious prosecution, and conspiracy to violate his civil rights. Plaintiff also asserts a claim under state law of racial discrimination. Defendants in this action are Bank of America, N.A., the Bellevue Police Department, and the King County Prosecuting Attorney's Office.

REPORT AND RECOMMENDATION - 1

Defendant Bank of America now moves to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, in response to defendant's motion to dismiss, filed a motion for continuance pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. The Court, having reviewed the pending motions, concludes that plaintiff's motion for continuance should be denied and defendant Bank of America's motion to dismiss should be granted.

## BACKGROUND

On October 11, 2013, an employee at the Bank of America branch located at 11060 NE 6th Street, Bellevue, Washington, called 911 and reported that a black male in his 20s had entered the bank and attempted to deposit two fraudulent checks. (*See* Dkt. 1-2 at 6-7 and 1-3 at 4-5.) The individual was not detained or arrested at that time, but the Bellevue Police Department opened an investigation based on the report of fraudulent activity. (*See* Dkt. 1-2 at 7 and Dkt. 1-3 at 5.) Bank of America subsequently provided the Bellevue Police Department with still images from the bank's security cameras to assist in the identification of the individual who attempted to deposit the fraudulent checks. (*Id*.) The bank also provided police with one of the checks which the police examined for fingerprints. (*See id*.)

Approximately a month later, in November 2013, a Bellevue Police Detective showed bank employees a photo lineup and the employee who made the original report to police identified plaintiff as the individual who had attempted to deposit the fraudulent checks. (*See* Dkt. 1-2 at 7-8 and Dkt. 1-3 at 5-6.) Plaintiff was thereafter arrested on a forgery charge and was held in jail for two days before he bailed out. (*See* Dkt. 1-2 at 8-9 and Dkt. 1-3 at 6-7.) In March 2014, plaintiff was arrested on a warrant related to the forgery charge and was returned to jail. (*See* Dkt. 1-2 at 9 and Dkt. 1-3 at 7.) The prosecutor subsequently amended the charge against

REPORT AND RECOMMENDATION - 2

plaintiff from forgery to identity theft in the first degree.  (*See* Dkt. 1-2 at 9 and Dkt. 1-3 at 7.)  That charge was dismissed in April 2015 at a pretrial omnibus hearing.  (*See* Dkt. 1-2 at 10-11 and Dkt. 1-3 at 8-9.)

On September 29, 2015, plaintiff filed a complaint in King County Superior Court which was entitled *Owusu v. Bank of America, N.A., et al*., and was assigned case number 15-2-23896-5 SEA.  (*See* Dkt. 1-2.)  On September 30, 2015, plaintiff filed a second identical complaint in King County Superior Court which was assigned case number 15-2-24530-9 SEA.  (*See* Dkt. 1-3.)  On October 6, 2015, plaintiff filed a nearly identical complaint in this Court which is also entitled *Owusu v. Bank of America, N.A., et al*., and was assigned case number 2:15-cv-1606-JLR-JPD.[1]  On November 18, 2015, the two complaints filed by plaintiff in King County Superior Court were removed to this Court by the King County Prosecuting Attorney's Office.  (*See* Dkt. 1.)

## DISCUSSION

Defendant Bank of America moves to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure of plaintiff to state a cognizable ground for relief.  Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside Cnty. Office of Educ.*, 584

---

[1] The civil rights action that originated in this Court has not yet been served on any of the named defendants because of deficiencies in the complaint.  (*See* C15-1606-JLR-JPD, Dkt. 12.)  Plaintiff has been granted leave to amend his complaint to correct those deficiencies.  (*Id*.)  Plaintiff will not be permitted to pursue two identical actions in this Court.  However, the undersigned will await plaintiff's response to the Order Declining to Serve and Granting Leave to Amend issued in Case No. C15-1606-JLR-JPD before making a recommendation as to how the two matters should proceed.

REPORT AND RECOMMENDATION - 3

F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted).

Defendant Bank of America argues that it is entitled to dismissal of this lawsuit on the basis of immunity under the safe harbor provision of the Annunzio-Wylie Anti-Money Laundering Act, 31 U.S.C. § 5318(g)(3). Defendant argues that it is also entitled to dismissal under Washington's Anti-SLAPP Act, RCW 4.24.510.

The safe harbor provision of the Annunzio-Wylie Anti-Money Laundering Act reads as follows:

> Any financial institution that makes a voluntary disclosure of any possible violation of law or regulation to a government agency or makes a disclosure pursuant to this subsection or any other authority, and any director, officer, employee, or agent of such institution who makes, or requires another to make any such disclosure, shall not be liable to any person under any law or regulation of the United States, any constitution, law, or regulation of any State or political subdivision of any State, or under any contract or other legally enforceable agreement (including any arbitration agreement), for such disclosure or for any failure to provide notice of such disclosure to the person who is the subject of such disclosure or any other person identified in the disclosure.

31 U.S.C. § 5318(g)(3). This provision insulates a financial institution and its employees from liability for disclosures to law enforcement personnel of any possible violations of the law. *See, e.g.*, *Banks v. PNC Bank*, No. C06-1109-JLR, 2007 WL 2363064, *2 (W.D. Wa Aug. 14, 2007) (concluding that financial institutions and their employees were immune from suit for disclosing plaintiff's personal records to law enforcement without a search warrant and without his consent); *see also Stoutt v. Banco Popular de Puerto Rico*, 320 F.3d 26, 32 (1st Cir. 2003)

REPORT AND RECOMMENDATION - 4

(holding that financial institution was entitled to immunity for tort claims arising out of disclosures of possible criminal activity to the FBI).

Plaintiff alleges in his complaint that Bank of America, through its employees, violated his federal constitutional rights when it reported a possible violation of the law to the City of Bellevue Police Department and cooperated in the ensuing investigation. The conduct of which plaintiff complains falls squarely within the scope of the safe harbor provision of the Annuzio-Wylie Anti-Money Laundering Act. Defendant Bank of America is therefore entitled to absolute immunity from liability in this action as plaintiff could prove no set of facts in support of his claims against Bank of America which would entitle him to relief in this action.[2]

Defendant Bank of America also argues that it is entitled to dismissal under Washington's anti-SLAPP statute, RCW 4.24.510, a statute which, similar to the federal statute discussed above, immunizes persons who communicate "a complaint or information" to law enforcement agencies. *See Dang v. Ehredt*, 95 Wn. App. 670, 681-37 (1999). Because plaintiff's claims against defendant Bank of America are clearly precluded by 31 U.S.C. § 5318(g)(3), the Court need not address in further detail defendant's state law argument.

## Motion for Continuance

Plaintiff has filed a motion for continuance pursuant to Fed. R. Civ. P. 56(d) in which he appears to request that he be permitted time to engage in discovery before being required to respond to defendant Bank of America's motion to dismiss and to the King County Prosecuting Attorney's answer to plaintiff's complaint. Rule 56 expressly applies to motions for summary judgment. Defendant Bank of America has filed a motion to dismiss pursuant to Fed. R. Civ. P.

---

[2] Plaintiff does not specifically identify any bank employees as defendants in the complaints which were removed to this Court. However, plaintiff does make reference to at least one bank employee in his complaints and it is therefore worth noting that any intended claim against any bank employee would also be precluded under 31 U.S.C. § 5318(g)(3).

REPORT AND RECOMMENDATION - 5

12(b)(6). Bank of America has accepted plaintiff's allegations as true and has relied solely on the pleadings in presenting its arguments in support of dismissal. Fed. R. Civ. P. 56(d) simply does not apply in this instance.

The Court also notes that while plaintiff apparently wishes to obtain discovery in order to file a reply to the King County Prosecuting Attorney's answer to his complaint, a reply to an answer is not a pleading permitted by the Federal Rules of Civil Procedure unless one is specifically ordered by the Court. *See* Fed. R. Civ. P. 7(a)(7). The Court sees no need for such a pleading in this case. For the foregoing reasons, plaintiff's motion to continue (Dkt. 9) should be denied.

## CONCLUSION

Based on the foregoing, this Court recommends that defendant Bank of America's motion to dismiss be granted and that plaintiff's complaint, and this action, be dismissed with prejudice, as to this defendant under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff's motion for continuance under Fed. R. Civ. P. 56(d) should also be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **February 4, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 5, 2016.**

REPORT AND RECOMMENDATION - 6

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this <u>14th</u> day of January, 2016.

*James P. Donohue*
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge